## UNITED STATES DISTRICT COURT
## DISTRICT COURT OF CONNECTICUT

-----------------------------------------------------------------------------X

**MARCELL PLAZA, on behalf of himself and all others similarly situated,**

                               **Plaintiff,**         **Civ. Action No.:**

                           **-against-**          **April 9, 2018**

**OLA GROUP LLC d/b/a OLA ORANGE, LOPEZ LLC d/b/a OLA WALLINGFORD, MELVIN LOPEZ, and WAGNER LOPEZ,**

                            **Defendants.**

-----------------------------------------------------------------------------X

## COLLECTIVE AND CLASS ACTION COMPLAINT

## NATURE OF CASE

1.     This action is brought to recover unpaid minimum and overtime wages and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Connecticut Minimum Wage Act Conn. Gen. Stat. §§ 31-58 *et seq.* ("CMWA") for Plaintiff Marcell Plaza and all similarly situated persons (*i.e.* servers, busboys, and bartenders, referred to collectively as "the waitstaff") who work or have worked at Ola Group LLC d/b/a Ola Orange and/or Lopez LLC d/b/a Ola Wallingford within the statutory period.

2.     Ola Orange and Ola Wallingford (the "Ola Restaurants") are family-owned restaurants boasting "Miami style" dining rooms that serve Nuevo Latino Cuisine and are self-described as "a splashy, exuberant culinary form of celebrating the

heritage and the Latin spirit." *Ola Nuevo Latino Cuisine Is A Splashy*, Ola Restaurant

Website, http://olarestaurantct.com/index.html (last accessed March 27, 2018).

3.     Defendants failed to pay Plaintiff and the waitstaff at the full minimum

wage rate, instead paying them at the tipped minimum wage rate despite failing to

provide the waitstaff with lawful notice regarding the tip credit and requiring that more

than 20% of each shift is comprised of non-tipped work.

4.     Defendants also paid Plaintiff and the waitstaff at a straight time rate for

all hours worked, rather than paying an overtime premium for hours worked over forty

in a workweek.

5.     Plaintiff alleges, on behalf of himself individually and similarly situated

current and former employees of Defendants that they are entitled to: (i) compensation

for unpaid minimum wages, unpaid overtime pay; and (ii) liquidated damages, pre-

and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, the

CMWA, Connecticut Common Law, and Conn. Gen. Stat. § 52-564.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction of this case pursuant to

29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337 and has supplemental jurisdiction

over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

7.     Venue is proper in the District of Connecticut under 28 U.S.C. § 1391, as

the Ola Restaurants are located within the State of Connecticut.

## THE PARTIES

**Plaintiff Marcell Plaza**

8.      Plaintiff Marcell Plaza ("Plaza") is an adult individual residing in New Haven County, Connecticut.

9.      Plaza was employed by Defendants as a busboy from October 28, 2016 to January 20, 2018.

**Defendant Ola Group LLC**

10.      Defendant Ola Group LLC is a Connecticut corporation that owns and operates the restaurant, Ola Orange located at 350 Boston Post Road, Orange, CT 06477.

11.      Ola Group LLC has been an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

12.      Ola Group LLC has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13.      During the three years prior to the filing of this Complaint, Ola Group LLC has had an annual gross volume of sales in excess of $500,000.

**Defendant Lopez LLC**

14.      Defendant Lopez LLC is a Connecticut corporation that owns and operates the restaurant, Ola Wallingford, located at 728 North Colony Road, Wallingford, CT 06492.

15.      Lopez LLC has been an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

16.    Lopez LLC has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

17.    During the three years prior to the filing of this Complaint, Lopez LLC has had an annual gross volume of sales in excess of $500,000.

**Defendant Melvin Lopez**

18.    Defendant Melvin Lopez ("Melvin") is sued individually in his capacity as an owner, officer and/or agent of the Ola Restaurants.

19.    Melvin has and exercises authority to hire and fire employees, direct the manner in which employees perform their daily duties and assignments, and establishes the pay practices and work and scheduling policies at the Ola Restaurants.

20.     Melvin exercises sufficient control over Ola Restaurants' operations to be considered Plaintiff's employer under the FLSA and CMWA.

21.    Melvin is regularly present at Ola Wallingford overseeing employees' work and making day to day decisions for the business.

22.    Melvin regularly communicates with Defendant Wagner Lopez regarding business decisions for both of the Ola Restaurants.

**Defendant Wagner Lopez**

23.    Defendant Wagner Lopez ("Wagner") is sued individually in his capacity as an owner, officer and/or agent of the Ola Restaurants.

24.     Wagner has and exercises authority to hire and fire employees, direct the manner in which employees perform their daily duties and assignments, and establishes the pay practices and work and scheduling policies at the Ola Restaurants.

25.     Wagner exercises sufficient control over Ola Restaurants' operations to be considered Plaintiff's employer under the FLSA and CMWA.

26.     Wagner is regularly present at Ola Orange overseeing employees' work and making day to day decisions for the business.

27.     Wagner regularly communicates with Melvin Lopez regarding business decisions for both of the Ola Restaurants.

28.     Wagner regularly communicated with Plaza about his work schedule via text message.

29.     Wagner terminated Plaza's employment.

**Ola Group LLC and Lopez LLC Are Joint Employers**

30.     Ola Orange and Ola Wallingford have a high degree of interrelated and unified operations, centralized control of labor relations, common control, common business purposes, interrelated business goals, and common ownership.

31.     Defendants own both Ola Orange and Ola Wallingford.

32.     Melvin and Wagner both have regular presences at each restaurant and oversee the work and day to day practices of the Ola Restaurants.

33.     The Ola Restaurants have a singular online presence, http://olarestaurantct.com, which provides information about both locations.

34.     Ola Orange and Ola Wallingford have separate Facebook pages but advertise for both restaurants on each page and refer to the locations as sister restaurants.

35.     Ola Orange and Ola Wallingford share a common menu.

36.     Ola Orange and Ola Wallingford interchange and share employees.

37.     Plaza regularly worked at both of the Ola Restaurants.  He was primarily scheduled to work at Ola Orange but was regularly assigned to work at Ola Wallingford one to two times per week.

38.     There is common purchasing for Ola Orange and Ola Wallingford and food product is regularly shared between the locations.

### PLAINTIFF'S FACTUAL ALLEGATIONS

39.     The Ola Restaurants are both open six days per week, Tuesday through Sunday.

40.     Ola Orange lists its operating hours on its website as Tuesday through Thursday, and Sunday from 4:00pm to 11:00pm, and Friday and Saturday from 4:00p.m. to 12:00 a.m.

41.     Ola Wallingford lists its operating hours on its website as Tuesday through Thursday, and Sunday from 3:00 p.m. to 9:00 p.m., and Friday and Saturday from 3:00 p.m. to 10:00 p.m., but also notes that the bar remains open until later.

42.     Both of the Ola Restaurants also have full bars and when there are customers, the bars remain open beyond the listed operating hours.

43.    For example, at Ola Wallingford, the bar usually stays open on Friday and Saturday until about 1:00 or 2:00 a.m.

44.    Plaintiff regularly worked at both locations, usually working five days per week, Tuesday through Saturday.  Occasionally, Defendants also scheduled Plaintiff to work on Sundays.

45.    Plaintiff usually worked at Ola Orange but was periodically, approximately every two weeks, scheduled to work at Ola Wallingford for the Friday and Saturday shifts.

46.    Plaintiff regularly began working about two hours before the restaurants opened and continued working approximately one or two hours after the restaurants closed.

47.    Plaintiff and the other waitstaff had numerous cleaning responsibilities at the start and end of their shifts.

48.    The duties that Plaintiff had to complete for Defendants at the start and end of his shifts included: daily cleaning of the floor which required that he sweep, mop, and vacuum the entire restaurant; cleaning the fish tanks in the restaurants; setting the tables; rolling silverware; arranging and cleaning the bread station; throwing out the trash.

49.    Plaintiff was not allowed to leave at the end of the night until after every customer departed and he completed his cleaning duties.

50.    Plaintiff was regularly scheduled to start working at 1:30 to 2:00 p.m.

51.    Generally, when Plaintiff worked at Ola Orange on a Sunday, Tuesday, Wednesday, or Thursday, he would work from approximately 1:30 or 2:00 p.m. through 12:00 or 1:00 a.m.  On Fridays and Saturdays at Ola Orange, he would work from approximately 1:30 or 2:00 p.m. through 1:00 or 2:00 a.m.

52.    Generally, when Plaintiff was scheduled to work at Ola Wallingford on Fridays and Saturdays, he would work from approximately 2:00 p.m. through 1:00 or 2:00 a.m.

53.    Defendants would either tell Plaintiff in person or text him to tell him what location he would be working at each day.

54.    Plaintiff usually worked between fifty and fifty-eight hours per week.

55.    Defendants did not have a timeclock at either of the Ola Restaurants and did not track Plaintiff's hours worked.

56.    Throughout his employment at the Ola Restaurants, Plaza was paid the tipped minimum wage rate for all hours worked, which was $6.07 per hour in 2016 and $6.38 per hour from 2017 to the present.

57.    When Plaintiff worked at both Ola Restaurants in the same week, he was paid separately for his work at each location.

58.    Defendants did not add together the total hours that he worked at both Ola Restaurants per workweek and he was paid at a straight-time rate for all hours worked.

59.    Defendants did not pay Plaza one and one half (1 ½) times the minimum wage rate for the hours he worked over forty in a workweek.

60.     Plaza was paid in cash that was placed in an envelope bearing his first name and the total dollar amount he was receiving that week.  The total dollar amount was the sum of his wages and tips but did not distinguish how much of each was being paid to him.

61.     Plaintiff was required to sign a document when he received his pay that stated, in part, that he was being paid the tipped minimum wage for all hours worked. The document was not written in Plaintiff's primary language of Spanish, he was not allowed to read the document in full, nor could he retain a copy of the document after he signed it.

## THE LAW REGARDING "TIPPED EMPLOYEES"

62.     The FLSA and CMWA allow employers of "tipped employees" to pay their tipped employees at a rate below the federal and state minimum wages provided that they meet certain requirements including, *inter alia*, allowing them to keep all the tips that they earn, and keeping segregated time records indicating the time worked doing tipped service work (payable at the tipped minimum wage) versus non-tipped work (payable at the full minimum wage).

63.     A restaurant employer in Connecticut who satisfies certain requirements may take a tip credit of up to 36.8% of the full statutory minimum wage per hour worked by a tipped employee engaged in service work.

64.     Restaurant employers in Connecticut may only take a tip credit if the employee was actually performing service duties and receiving gratuities.

65.    Non-service work that does not earn tips (*i.e.* side-work such as rolling silverware or cleaning the restaurant) must be paid for at the full minimum wage, but if the times are properly separated on an employee's time card, a tip credit can be taken on the "service time" portion of work.

66.    If the employer does not keep a segregated time record, no tip credit can be taken.

## FAILURE TO PAY THE MINIMUM WAGE TO TIPPED EMPLOYEES AND MISAPPROPRIATION OF TIPS

67.    At any given time, the Ola Restaurants employ approximately thirty waitstaff employees who fall under the category of "tipped employees" pursuant to 29 U.S.C. § 203(t).

68.    Defendants pay the waitstaff the Connecticut tipped minimum wage, which as of January 1, 2017 is a minimum of $6.38 per hour for servers and busboys and $8.23 for bartenders.

69.    Defendants require the waitstaff of the Ola Restaurants to arrive to work up to two before the restaurant opens and complete non-tipped work, which includes cleaning, arranging furniture, and rolling silverware.  The waitstaff is also required to do non-tipped work one to two hours after the closure of the restaurant each night.

70.    The waitstaff has not been paid at the full minimum wage for the time spent doing side-work, which was exclusively non-service, non-tipped work.

71.     The time spent doing side-work has not been not segregated on the servers' timecards or paystubs.  In fact, no timecards or paystubs are provided to the workers.

72.     Defendants' application of a tip credit towards the wages of servers is unlawful.

73.     Defendants have paid the waitstaff at the tipped minimum wage for all hours worked per week, including those worked over forty.

74.     Defendants have not paid the waitstaff one and one-half (1½) times the statutory minimum wage for all hours worked over forty per workweek, as is required by law.

75.     Defendants have deprived Plaintiff and the waitstaff of their statutory minimum and overtime wages under the FLSA and the CMWA.

**COLLECTIVE ACTION ALLEGATIONS**

76.     The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and all similarly situated employees, *i.e.* the waitstaff who work or have worked at the Ola Restaurants during the statutory period and elect to opt-in to this action (the "FLSA Collective").

77.      The FLSA Collective consists of approximately fifty similarly situated current and former employees of Ola Restaurants, who, over the last three years have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them wages due under the FLSA.

78.     As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA.  Defendants apply the same employment policies, practices, and procedures to all tipped employees.  This policy and pattern or practice includes, *inter alia*, the following:

      a.  failing to pay Plaintiff and the FLSA Collective the statutorily required minimum wage for all hours worked; and

      b.  failing to pay Plaintiff and the FLSA Collective statutorily required overtime wages for all hours worked in excess of forty per week.

79.     Defendants have engaged in this unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and CMWA.

80.     Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damage to plaintiffs and the FLSA Collective. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants, are readily identifiable by defendants, and are locatable through defendants' records.   These similarly situated employees should be notified of and allowed to opt in to this action, pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

81.     The claims in this Complaint arising out of the CMWA and the claims for unjust enrichment and statutory theft are brought by Plaintiff under Rule 23 of the

Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All current and former members of the waitstaff of the Ola Restaurants between April 9, 2016 and the date of the final Judgment in this matter (the "Rule 23 Class").

82.     Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

83.     The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

84.     Upon information and belief, the size of the Rule 23 Class is at least forty individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

85.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

86.     Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

a.   whether Defendants failed to pay Plaintiff and the Rule 23 Class minimum wages for all hours worked;

b.   whether Defendants adequately compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 per workweek;

c.   whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Rule 23 Class, and other records required by the CMWA;

d.   whether Defendants failed to provide Plaintiff and the Rule 23 Class proper wage notices, as required by the CMWA;

e.   whether Defendants required Plaintiff and the Rule 23 Class to do non-tipped work for more than twenty percent of their workday;

f.   whether Defendants' policy of failing to pay workers in accordance with the law was instituted willfully or with reckless disregard of the law; and

g.   the nature and extent of class-wide injury and the measure of damages for those injuries.

87.    The claims of Plaintiff are typical of the claims of the Rule 23 Class he seeks to represent.  Plaintiff and the Rule 23 Class members work, or have worked, for Defendants as the waitstaff at the Ola Restaurants.  Plaintiff and the Rule 23 Class members enjoy the same statutory rights, including to be properly compensated for all hours worked.  Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the CMWA, the Connecticut Common Law and Conn. Gen. Stat. § 52-564.

88.    Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

89.    Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

90.    Plaintiff understands that as a class representative, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiff recognizes that as a class representative he must represent and consider the interests of the class just as he would represent and consider his own interests.  Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the class.  Plaintiff recognizes that any resolution of a class action must be in the best interest of the class.  Plaintiff understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.

91.    Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.

92.    There is no conflict between Plaintiff and the Rule 23 Class members.

93.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The Rule 23 Class members have been damaged and are entitled to recovery as a result of Defendants' violations of the CMWA, the Connecticut Common Law and Conn. Gen. Stat. § 52-564, as well as their common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  Individual

plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

94.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

**FIRST CLAIM**
**Fair Labor Standards Act – Unpaid Minimum Wage**

95.    Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

96.    The FLSA requires that employers pay employees a minimum wage for all hours worked weekly up to forty.

97.    Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff and the FLSA Collective.

98.    Plaintiff and the FLSA Collective are covered employees within the meaning of the FLSA.

99.    The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq. and the supporting federal regulations, apply to Defendants.

100.    Defendants failed to pay Plaintiff and the FLSA Collective the minimum wages to which they were entitled under the FLSA.

101.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

102.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### Connecticut Minimum Wage Act – Unpaid Minimum Wage

103.    Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

104.    The CMWA requires that employers pay employees a minimum wage for all hours worked weekly up to forty.

105.    Defendants failed to pay Plaintiff and the Rule 23 Class the minimum wages to which they were entitled to under the CMWA.

106.    Defendants have willfully violated the CMWA by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class the minimum hourly wage.

107.    Defendants willfully failed to pay Plaintiff and the Rule 23 Class at least the minimum hourly wage for all hours worked.

108.    As a result of defendants' violations of the CMWA, Plaintiff and the Rule 23 Class are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

### THIRD CLAIM
### Fair Labor Standards Act – Unpaid Overtime

109.    Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

110.    Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages for all of the hours they worked in excess of forty in a workweek.

111.    Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff's and the FLSA Collective's compensation.

112.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

113.    Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

### FOURTH CLAIM
### Connecticut Minimum Wage Act – Unpaid Overtime

114.    Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

115.    Under the CMWA and supporting Connecticut State Department of Labor regulations, Defendants were required to pay Plaintiff and the Rule 23 Class one and one (1½) half times the regular rate of pay for all hours worked in excess of forty.

116.    Defendants have failed to pay Plaintiff and the Rule 23 Class the overtime wages to which they are entitled to under the CMWA.

117.    Defendants have willfully violated the CMWA by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class overtime wages.

118.    Due to Defendants' willful violations of the CMWA, Plaintiff and the Rule 23 Class are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the FLSA Collective, and the Rule 23 Class, respectfully request that this Court enter a judgment:

a.    authorizing the issuance of notice at the earliest possible time to all the waitstaff who are presently working at, or who have worked at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, at the Ola Restuarants.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

b.    declaring that Defendants violated the minimum wage and overtime wage laws of the FLSA, the Connecticut Labor Law, and supporting Connecticut Department of Labor Regulations;

       c.        declaring that Defendants' violations were willful;

       d.        certifying this case as a class action pursuant to Rule 23 of the

Federal Rules of Civil Procedure;

       e.        designating Plaintiff as a representative of the Rule 23 Class and

counsel of record as Class Counsel;

       f.        awarding Plaintiff, the FLSA Collective, and the Rule 23 Class

damages for unpaid minimum wages;

       g.        awarding Plaintiff, the FLSA Collective, and the Rule 23 Class

damages for unpaid overtime wages;

       h. awarding Plaintiff, the FLSA Collective, and the Rule 23 Class

liquidated damages in an amount equal to twice the total amount of the wages found to

be due, pursuant to the FLSA and the CMWA;

       i.        awarding Plaintiff, the FLSA Collective, and the Rule 23 Class

reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest

pursuant the FLSA and the CMWA; and

       j.        such other and further relief in law or equity as the Court deems

just and proper.

                                 By:    *s/ William G. Madsen*

                                       William G. Madsen (ct 09853)
                                       Madsen, Prestley & Parenteau, LLC
                                       402 Asylum Street
                                       Hartford, CT 06103
                                       (860) 246-2466
                                       wmadsen@mppjustice.com

- and -

By:    s/Louis Pechman

Louis Pechman*
Laura Rodriguez*
Pechman Law Group PLLC
488 Madison Avenue - 17th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
rodriguez@pechmanlaw.com
*Motion to Appear *Pro Hac Vice* Pending
 *Attorneys for Plaintiff and
the FLSA Collective*