## UNITED STATES DISTRICT COURT
## DISTRICT COURT OF CONNECTICUT

| | | |
|---|---|---|
| MARCELL PLAZA, | : | CIVIL ACTION NO. 3:18-CV-00612 (WWE) |
|     Plaintiff, | : | |
| v. | : | |
| | : | |
| OLA GROUP, LLC, et al., | : | |
|     Defendants. | : | NOVEMBER 7, 2018 |

### JOINT MOTION FOR APPROVAL OF SETTLEMENT
### AND DISMISSAL OF CASE PURSUANT TO FED. R. CIV. P. 41(a)(2)

Pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiff Marcell Plaza ("Plaintiff") and Defendants Ola Group, LLC, Lopez, LLC, Melvin Lopez and Wagner Lopez ("Defendants"), hereby request (i) that the Court approve the settlement negotiated by the parties (through their respective counsel) set forth in the Settlement and Release of Claims Agreement attached hereto as Exhibit 1 (the "Settlement Agreement"), and (ii) that the Court approve the dismissal of this case with prejudice and without costs to any party except as expressly provided in the Settlement Agreement.  In support of this motion, the Plaintiff and the Defendants state:

### THE ALLEGATIONS IN THE PLAINTIFF'S ORIGINAL COMPLAINT

1. The Plaintiff's original Complaint dated April 7, 2018 (Doc 1, the "Complaint") alleged that the Plaintiff was employed by the Defendants as a busboy from October 28, 2016 to January 20, 2018.  Complaint, ¶ 9.  The Complaint asserted claims for alleged unpaid minimum wages (Complaint, First Claim, ¶¶ 95-102, and Second Claim, ¶¶ 103-108) and alleged unpaid overtime (Complaint, Third Claim, ¶¶ 109-113, and Fourth Claim, ¶¶ 114-118) under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58 *et seq*. ("CMWA"), and sought to proceed as a collective action under the FLSA and as a class action under the CMWA.

2. Plaintiff alleged that Defendant Ola Group, LLC owns and operates a restaurant known as Ola Orange located in Orange, Connecticut, and that Defendant Lopez, LLC owns and operates a restaurant known as Ola Wallingford located in Wallingford, Connecticut. Complaint, ¶¶ 10, 14.

3. With respect to the claim for unpaid overtime wages, the Plaintiff alleged that he regularly worked at both locations, usually working five days per week; that he was regularly scheduled to start working at 1:30 to 2:00 p.m. and would work through 12:00 or 1:00 a.m.; that he usually worked between fifty and fifty-eight hours per week; that he was paid in cash each week; and that he was not paid one and one-half (1½) times the minimum wage rate for the hours he worked over 40 in a workweek. Complaint, ¶¶ 44, 45, 50, 54, 59, 60.

4. With respect to the Plaintiff's claim for unpaid minimum wages as a "tipped employee," the Complaint alleged that the Plaintiff had non-service duties to complete at the start and end of his shifts including daily cleaning of the floor (sweeping, mopping and vacuuming), cleaning fish tanks, setting tables, rolling silverware, arranging and cleaning the bread station, and throwing out the trash; that throughout his employment the Plaintiff was paid the tipped minimum wage rate; that the Plaintiff was paid in cash each week, and the cash he was paid each week was delivered to him in an envelope which indicated the total amount of wages and tips he was receiving but did not distinguish how much of each was being paid to him; and that when he received his pay, the Plaintiff was required to sign a document which he was not allowed to read in full, and which was not written in the Plaintiff's primary language of Spanish, which stated in part that he was being paid the tipped minimum wage for all hours worked. Complaint, ¶¶ 48, 56, 60, 61.

5. The Defendants dispute the material allegations in the Complaint.

## THE DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

6. On August 15, 2018, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Defendants moved for dismissal of all claims alleged by the Plaintiff in the THIRD CLAIM and in the FOURTH CLAIM of the Complaint filed in this case which purported to assert claims for unpaid overtime, and further moved for dismissal of the collective action and class action claims for unpaid minimum wages alleged in the FIRST CLAIM and the SECOND CLAIM of the Complaint. *See* Defendants' Rule 12(b)(6) Motion to Dismiss dated August 15, 2018 (Document 37). Defendants argued that the general allegations in the Plaintiff's Complaint regarding allegedly unpaid overtime work failed to meet the pleading specificity requirements established in *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013), *Nakahata v. New York–Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013), and *Dejesus v. HR Management Services LLC*, 726 F.3d 85, 87-88 (2d Cir. 2013). Defendants also contended that the collective action claims in the Complaint and the class action claims in the Complaint failed to state claims upon which relief can be granted because the Complaint was completely devoid of any *factual* allegations sufficient to even arguably show, among other things, that the Plaintiff was similarly situated to the other employees of defendants Ola Group, LLC or Lopez, LLC who are the proposed members of the class, or that common questions of fact and law predominate. Plaintiff disputes that these arguments are legally or factually supported.

## THE PROPOSED SETTLEMENT

7. When the Defendants filed their Motion to Dismiss, counsel for the parties also were also engaged in settlement discussions. To that end, Defendants voluntarily produced numerous documents to Plaintiff's counsel, such as tax returns and wage payment records which

3

included, among other things, timesheets signed by the Plaintiff during his employment which the Defendants believed completely undercut the Plaintiff's claims that he was not properly compensated.

8.     After service of the Motion to Dismiss, Plaintiff filed a Motion to Amend Complaint dated October 4, 2018 (Document 42) and proposed Amended Complaint (Document 42-1) in this action, noting that "during discovery it became apparent that the other servers were not similarly situated to Plaintiff and that a class action would not be appropriate."  Plaintiff's Motion to Amend Complaint dated October 4, 2018 (Document 42).

9.     Based on the legal arguments that were raised in the Defendants' Motion to Dismiss as well as the payroll records produced by the Defendants, there are substantial and bona fide disputes in this case as to both liability and damages with respect to the Plaintiff's claims for allegedly unpaid overtime and allegedly unpaid minimum wages under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. (the "FLSA") and the Connecticut Minimum Wage Act, Conn. Gen. Stat. §31-58 *et seq*. (the "CMWA").  See *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).  Defendants contend that even if the Plaintiff were to somehow succeed in establishing – after lengthy discovery and a trial – that he is owed some money for unpaid minimum wages or overtime work (which the Defendants dispute), the amounts that the Plaintiff would arguably be owed are at most a couple of thousand dollars, and likely much less than that, and are far less than the litigation expenses that the parties would incur if this case is not settled. Plaintiff disputes Defendants' analysis, maintaining that Defendants failed to maintain complete and accurate payroll records, and setting forth a damages analysis of $46,000, which was conservatively based on partial records and reliable, good faith estimates of hours worked by

4

Plaintiff.  Suffice it to say that the parties have a significant dispute over the compensable hours at issue in this case.

      10.    Despite their significantly different views of the merits of the case, the parties, through their respective counsel, engaged in good faith settlement discussions over a period of several months in which a number of offers and counter-offers were made.  As a result of those settlement discussions, the parties were eventually able to reach agreement on a proposed settlement of this case, as reflected in the proposed Settlement and Release of Claims Agreement attached hereto as Exhibit A.  The essential terms of the proposed settlement are as follows:

      (a) Settlement Payments in the total amount of $30,000.00 are to be made to the Plaintiff ($19,375.34) and his counsel ($10,624.66).  The Attorneys' fees are based on a one third contingency plus reimbursement for $624.66 in out of pocket expenses.

      (b) The parties will exchange mutual general releases.

      (c) There is no admission of liability by the Defendants.

      (d) This action will be dismissed with prejudice and without costs to any party.

      (e) The proposed settlement must be approved by the Court.

      11.    During the settlement negotiations, both the Plaintiff and the Defendants were represented by experienced counsel.  In view of the expense and uncertainty of litigation, Defendants' counsel believes that the proposed settlement is fair and reasonable and has recommended the proposed settlement to the Defendants, and Plaintiff's counsel also believes that the proposed settlement is fair and reasonable and has recommended the proposed settlement to the Plaintiff.  The proposed settlement was freely negotiated; each party has acted after receiving the advice of the party's own counsel; and each party understands the terms and conditions of the proposed settlement.

WHEREFORE, the Plaintiff and the Defendants jointly request that the Court approve the proposed settlement of the parties and dismissal of this action with prejudice and without costs to any party in accordance with the terms and conditions of the Settlement and Release of Claims Agreement attached hereto as Exhibit A.

THE DEFENDANTS, OLA GROUP, LLC, LOPEZ, LLC,
MELVIN LOPEZ, and WAGNER LOPEZ

By:   /s/ David B. Zabel
     David B. Zabel, Esq.
     Federal Bar No. ct01382
     Cohen and Wolf, P.C.
     1115 Broad Street
     Bridgeport, CT 06604
     Tel: (203) 368-0211
     Fax: (203) 394-9901
     E-mail: dzabel@cohenandwolf.com

THE PLAINTIFF, MARCELL PLAZA,

By:   /s/ William G. Madsen
     William G. Madsen, Esq.
     Federal Bar No. ct09853
     Madsen, Prestley & Parenteau, LLC
     402 Asylum Street
     Hartford, CT 06103
     Tel: (860) 246-2466
     Fax: (860) 246-1794
     E-mail: wmadsen@mppjustice.com

     -and-

By:   /s/ Louis Pechman
     Louis Pechman, Esq. (PHV)
     Laura Rodriguez (PHV)
     Pechman Law Goup PLLC
     488 Madison Avenue, 11th Floor
     Suite 1120
     New York, NY 10022
     Tel: (212) 583-9500
     Fax: (212) 308-8582
     E-mail: Pechman@pechmanlaw.com
     E-mail: Rodriguez@pechmanlaw.com

**CERTIFICATION OF SERVICE**

I hereby certify that on November 7, 2018, a copy of the foregoing JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF CASE PURSUANT TO FED. R. CIV. P. 41(a)(2) was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of the foregoing filing and this Certification of Service will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access the foregoing filing and this Certification of Service through the Court's CM/ECF system.

    /s/ David B. Zabel
    David B. Zabel (ct 01382)